Robbin STEWART, Plaintiff,

v.

Sarah TAYLOR, Clerk of the Circuit Court of Marion County, Indiana, and member of the Marion County Election Board; Richard Milan, member of the Marion County Election Board; John Muller, member of the Marion County Election Board; David Perkins, a member of the Ward 2, Precinct 3 Election Board, in their official and individual capacities, and John Doe, Defendants.

No. IP 96–1085–C–B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 19, 1996.

Michael T. Schaefer, Indianapolis, IN, for Plaintiff.

Douglas J. Webber, Indianapolis, IN, for Defendants.

## MEMORANDUM OF DECISION

DILLIN, District Judge.

This action which, among other things, challenges the constitutionality of certain Indiana election statutes, I.C. 3–8–7–21 and I.C. 3–8–7–22, came before the court on plaintiff's prayer for a preliminary injunction. It is plaintiff's position that the prohibition of said statutes against multiple party nomination abridges his First Amendment rights to political association and equal protection rights under the Fourteenth Amendment to the Constitution of the United States.

I.C. 3–8–7–21 provides as follows:

If a person has been nominated by two (2) or more political parties, or as an independent candidate and as the nominee of at least one (1) political party, the person

must elect which of the nominations the person will accept. The election must be in writing, signed, acknowledged before an officer authorized to take acknowledgments, and filed. If the person has been nominated for an office for which the electorate of the whole state may vote, the person shall file the election with the secretary of state by noon August 1 before the election. If a person has been nominated for an office for which a certificate or petition of nomination shall be filed with the circuit court clerk, the person shall file the election with:

(1) the circuit court clerk of the county in which the nomination was made if for an office in the county; or

(2) the circuit court clerk of each county in the district if for a district office; by noon August 1 before the election.

I.C. 3–8–7–22 provides as follows:

If a person nominated by two (2) or more political parties, or as an independent candidate and as the nominee of at least one (1) political party, does not make and file an election as required by section 21 of this chapter, the secretary of state or circuit court clerk shall make the election for the person. Preference shall be given to the nomination made by convention.

The facts are undisputed, and are as follows:

1. The plaintiff filed his Declaration of Candidacy for the office of Center Township Board District 3 as a member of the Republican Party on February 21, 1996.

2. Plaintiff was nominated on May 1, 1996 at the county convention of the Libertarian Party of Marion County for the same office. He accepted such nomination.

3. Plaintiff was the winner of the May 7, 1996 Republican Primary Election for Center Township Board District 3.

4. The Certificate of Nomination of candidates nominated at its convention was not filed on behalf of the Libertarian Party of Marion County until July 30, 1996.

5. The plaintiff did not inform nor seek the consent of the Marion County Republican Party regarding his seeking and obtaining the nomination of the Libertarian Party of Marion County.

6. The plaintiff failed to make an election as to which nomination he would accept prior to noon August 1, 1996 as required by I.C. 3–8–7–21.

7. Defendant Sarah M. Taylor, Clerk of the Circuit Court of Marion County has made the election for plaintiff to be the Libertarian Party candidate for Center Township Board District 3.

8. The Marion County Republican Party no longer consents to the placement of plaintiff's name on the ballot as its candidate for the Center Township Board District 3.

■ In determining whether a preliminary injunction is appropriate, we must consider, at a minimum, the four well known factors set out in *Technical Publishing Co. v. Lebhar–Friedman, Inc.*, 729 F.2d 1136 (7th Cir.1984): (1) whether the plaintiff has an adequate remedy at law or will be irreparably harmed if the injunction is not granted, (2) whether the injury threatened to plaintiff outweighs the harm defendant will suffer if the injunction is granted, (3) whether plaintiff has a reasonable likelihood of success on the merits, and (4) whether granting the injunction will disserve the public interest. In considering the constitutionality of a state election law, we first examine whether it burdens rights protected by the First and Fourteenth Amendments. *Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989).

■ The Libertarian Party of Marion County is not a party to this action; therefore, we are limited to considering what individual rights of Robbin Stewart are threatened by the statutes in question, if any. Does plaintiff have a constitutional right to run in a general election as a candidate of two political parties, one of which objects to his so doing? We think not. The Indiana statutes obviously do not involve plaintiff's equal protection rights, because no other individual has rights denied to plaintiff. Plaintiff argues at length that he has a First Amendment right to political association, and that the challenged statutes destroy this

right. The short answer to this position is that the very word "association" refers to an organization of persons with a common purpose. *Webster's New Collegiate Dictionary.* Plaintiff has a right to associate himself with the Republican Party or with the Libertarian Party, but it cannot be said that these parties, or the persons constituting them, have a common purpose. If so, they would simply be the same party running under two names—a situation certain to confuse the voters. Plaintiff may not logically insist that he has a constitutional right to represent the views of two divergent organized parties in the same election. (For example, it was agreed in oral argument that the Libertarian Party stands for the legalization of the possession and use of marijuana; the Republican Party does not.)

It is true that ten states permit dual candidacy, popularly called fusion. However, forty states and the District of Columbia do not. William R. Kirschner, *Fusion and the Associational Rights of Minor Political Parties,* 95 Columbia L.R. 683, 685. This is not unusual, considering that election laws in relation to local office are the exclusive prerogative of the several states and are not required to be identical. Kirschner's article, which presents his personal argument in favor of fusion, nevertheless suggests that it should be voluntary. He presents what he dubs a model statute which, among other things, would require the consent both of the candidate and of the political party "with which a candidate is formally affiliated" before he may be nominated by both parties. Were this court to agree with plaintiff in this case, however, it would in effect be ordering Indiana to recognize involuntary fusion. Seventh Circuit precedent is to the contrary.

In *Swamp v. Kennedy,* 950 F.2d 383 (7th Cir.1991), the Labor–Farm Party, a minor party, sought to place the name of Douglas La Follette on its primary ballot for Secretary of State of Wisconsin. However, La Follette, a lifelong Democrat, had already filed for the same office on the primary ballot of the Democratic Party. A Wisconsin statute provided that a candidate could not run in more than one party primary at the same time, so the nomination papers filed by the Labor–Farm Party were rejected. Swamp, a member of the Labor–Farm Party, and the Party filed an action seeking injunctive relief and making the familiar argument that the statutory ban unconstitutionally infringed on its rights of free speech and association. The district court denied the motion for injunctive relief and the Court of Appeals affirmed.

The Indiana statutes do not limit plaintiff's right to run in the general election; they only require him to select which party's standard he chooses to run on (or permit the Clerk to do it in the event of his default). Judging from the results of past elections in Indiana, he would have a much greater chance of being elected if he ran as the candidate of the Republican Party. In failing to make such election, knowing that the Clerk would be required to do as she did, he chose to present himself as the candidate of the Libertarian Party. So be it. If he had run as a Republican, he could nevertheless have exercised his right of free speech by campaigning on issues favored by the Libertarians, just as he may now argue such issues—and throw in his support of whatever Republican issues he believes in, if any. We find that he has lost nothing.

On the other hand, the *Swamp* court, recognizing that the Wisconsin statute limited the involuntary fusion of political parties, held that maintaining a stable political system is a compelling State interest, and that States may regulate elections to ensure that some sort of order accompanies the democratic process, citing *Storer v. Brown,* 415 U.S. 724, 736, 94 S.Ct. 1274, 1282, 39 L.Ed.2d 714 (1974). The Wisconsin statute was upheld for this reason, among others, including avoiding voter confusion.

■ We find that the statutes in question do not burden any rights of plaintiff protected by the First or Fourteenth Amendments, and to the extent that argument may be made to the contrary the statutes, in any event, are justified by Indiana's interest in maintaining a stable, confusion-free political system. We further find that plaintiff will not be irreparably harmed if the injunction is not granted, that he has no reasonable likelihood of success on the merits, and that the

granting of the injunction would disserve the public interest in that it would require the State of Indiana, against its will as expressed in the statutes in question, to permit involuntary fusion in its elections.

The application for a preliminary injunction is denied.